The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: May 8 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-35957 |
| | ) | |
| Gregory Jamar Cooper, aka Gregory J. Cooper, | ) ) | Chapter 7 |
| | ) | |
| Debtor. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING MOTION TO REOPEN/MOTION TO AMEND

This case is before the court on Debtor Gregory J. Cooper's motion to reopen ("Motion") [Doc. # 18] with respect to his Chapter 7 bankruptcy case, which was filed on November 3, 2011, and closed on February 23, 2012.

Debtor is representing himself in this case. Debtor asks to reopen his case for two purposes. First, the case was closed without discharge because he had not filed Official Form 23 confirming that he participated in a post-petition financial management educations class. *See* 11 U.S.C. § 727(a)(11); Fed. R. Bankr. P. 1007(b)(7), (c). Second, he wants to amend his bankruptcy schedules to add an alleged pre-petition creditor who was not originally listed and notified of the commencement of the case. For the reasons that follow, the Motion will be granted, in part, to the limited extent necessary to allow him to file his Official Form 23, and denied in part, to the extent he wants leave to amend his schedules to add a creditor.

Under Section 350(b) of the United States Bankruptcy Code, the court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." Reopening a case is a ministerial act,

which "lacks independent legal significance and determines nothing with respect to the merits of the case." *Cusano v. Klein*, 264 F.3d 936, 948 (9th Cir. 2001). However, there must be some potential relief that is available to a movant in a reopened case. Otherwise, reopening is pointless and the Motion should be denied.

If the case is reopened and Debtor takes his post-petition financial management education course and then files his Official Form 23 confirming that he has done so, he will be entitled to a Chapter 7 discharge. Therefore, reopening will allow the court to afford relief to Debtor in the form of a Chapter 7 discharge to the extent he follows through with the requirement of filing Official Form 23. The Motion will be granted to that extent and he will be granted leave to file his Official Form 23 beyond the original deadline provided in Rule 1007(c).

At the court's direction, Debtor filed a supplement to his Motion showing a written communication he received post-petition from Doctors Credit Service, Inc at 128 Kenbrook Dr., P.O. Box 175, Vandalia, OH 45377. [Doc. # 22]. The written communication also shows the name Southern Manor LLC, which may be the original creditor, with the debt amount of $1,071.00. The case will not be reopened for the purpose of granting leave to amend his schedules and matrix to add this/these entities. It is unnecessary to reopen this case for that purpose because the court cannot presently accord any relief to the Debtor if it does so.

The Chapter 7 Trustee filed a no asset report in this case on January 11, 2012, and did not administer any assets. [Doc. # 13]. Creditors who received notice of commencement of the case were instructed not to file claims, and there was never a claims bar date set. Since this was a no asset Chapter 7 case, if (i) the previously unscheduled debt was incurred prior to the commencement of Debtor's Chapter 7 case on November 3, 2011, as Debtor asserts, and (ii) it is not of the type described in 11 U.S.C. § 523(a)(2), (4), or (6) *(i.e.* debts incurred by means of fraud, embezzlement or malicious conduct) and is otherwise dischargeable under § 523, then the debt or debts owed to these entities will be discharged whether they were scheduled by Debtor or not. *See* 11 U.S.C. § 523(a)(3); *Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467, 472 (6th Cir. 1998).

Amending the Schedule F of debts five months later has no effect on dischargeability and discharge of those creditors one way or another and is, therefore, unnecessary, notwithstanding the lack of original notice to it or them. *Id.* at 468. There is no relief that the court can afford to Debtor by allowing him to amend his schedules now and the case will not be reopened for that purpose. Simply put, if this debt was incurred pre-petition, it will be discharged by statute unless it is a debt that falls within the dischargeability exceptions of 11 U.S.C. § 523(a)(2),(4) or (6) or is otherwise nondischargeable. If Debtor obtains his

discharge, any pre-petition debt to Doctors Credit Service, Inc./Southern Manor LLC will be discharged unless it is § 523(a)(2)(4) or (6) debt, even if it is not scheduled or the creditor(s) is not given formal notice of this case from the court.[1] As other courts have noted, reopening of a case merely to schedule a debt is for all practical purposes a useless act. *See In re Clark*, 465 B.R. 556, 559 (Bankr. D. Idaho 2011).

**THEREFORE**, for the foregoing reasons,

**IT IS ORDERED** that Debtor Gregory J. Cooper's motion to reopen this case is hereby **GRANTED**, in part; and this case is hereby reopened, without appointment of a Trustee, for the limited purpose of allowing him to file an Official Form 23, and **DENIED, in part, without prejudice,** to the extent he seeks leave to amend his schedules to add Doctors Credit Service, Inc./Southern Manor LLC**.; and**

**IT IS FURTHER ORDERED** that Debtor is hereby granted leave and the deadline is extended for Debtor to file his Official Form 23 on or before **June 8, 2012**, absent which this case will be re-closed without discharge.

---

[1] If Debtor obtains his discharge and <u>then</u> the creditor continues to dun him and try to collect a pre-petition debt from him, Debtor may then seek to join the issue to determine whether the creditor is in contempt of the discharge injunction with a motion to show cause why the creditor(s) should not be held in contempt of the discharge injunction. Debtor not having received a discharge yet, there can be no ripe dispute over violation and contempt of the discharge injunction with respect to any pre-petition creditor of Debtor.